**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| United States of America | ) | CR. No.: 9:18-cr-472-MBS |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| | ) | |
| Wade Deon McKeithen | ) | |
| _____ | ) | |

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Wade Deon McKeithen ("Defendant") is named in nine counts of a ten count Indictment charging conduct occurring on three different dates. The indictment charges that on December 22, 2015, Defendant unlawfully possessed with intent to distribute a quantity of cocaine, oxycodone, cocaine base ("crack cocaine"), and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 84l(a)(l) and (b)(l)(C) (Count 1); used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(l)(A)(i) (Count 2); and was a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(l), 924(a)(2), and 924(e) (Count 3). The indictment also charges that on February 5, 2016, Defendant possessed with intent to distribute cocaine and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. 841(a)(l) and 841 (b)(l)(C) (Count 4); along with co-Defendant Nehemiah Kobie Wilson, used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(l)(A)(i) and 2 (Count 6); and, along with co-Defendant Nehemiah Kobie Wilson, was a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(l), 924(a)(2), and 924(e) and 2 (Count 7). The indictment further charges that on October 8, 2016, Defendant

1

unlawfully possessed with intent to distribute a quantity of cocaine, a quantity of a mixture or substance containing a detectable amount of methamphetamine and a quantity of hydromorphone, and a quantity of a mixture or substance containing both heroin and fentanyl, in violation of 21 U.S.C. §841(a)(l) and (b)(l)(C) (Count 8); used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 9); and was a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(l), 924(a)(2), and 924(e) (Count 10). To summarize, Counts 1, 4, and 8 are drug possession counts; Counts 2, 6, and 9 are use of a firearm counts; and Counts 3, 7, and 10 are felon in possession counts, all of which occurred on different days.

On November 16, 2018, Defendant filed a motion to sever. ECF No. 80. In his motion, Defendant argues that joining the charges "would unduly prejudice the defendant by requiring him to present three separate defenses and confront three sets of witnesses." Id. at 1. Defendant argues that the only link between the charges "is the defendant." Id. Furthermore, Defendant asserts that joinder would prevent a jury from reaching a fair verdict, as it would result in the introduction of "improper character evidence," inadmissible under Rule 404(b) of the Federal Rules of Criminal Procedure. Id. at 2. Trying the December 2015, February 2016, and October 2016 events together, according to Defendant, would increase the "likelihood that the jury will infer guilt." Id.

On November 28, 2018, the government filed a response in opposition. ECF No. 83. First, the government argues that joinder is proper under Rule 8(a) of the Federal Rules of Criminal Procedure because the offenses were the "exact same" offenses. Id. at 6. Furthermore, the government asserts the charges are connected and constitute parts of "a common scheme or plan" carried out by Defendant. Id. at 7. Additionally, the government asserts that severance is

not warranted under Rule 14 of the Federal Rules of Criminal Procedure because Defendant has not met his burden of showing that a jury would not be able to reach a fair verdict. Id. at 9. The government further asserts that limiting instructions can eliminate any potential prejudice. Id.

## II.    ANALYSIS AND DISCUSSION

Federal Rule of Criminal Procedure 8(a) stipulates that joinder is appropriate if the offenses charged are "of the same or similar character," or "based on the same act or transaction," or "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) allows for broad joinder, which lends itself to judicial efficiency. United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). Courts have reasoned that "the prospect of duplicating witness testimony, impaneling additional jurors'" would suggest "'that related offenses should be tried in a single proceeding.'" United States v. Hawkins, 776 F.3d 200, 2006 (4th Cir. 2009) (quoting United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008)). In considering joinder under Rule 8, a district court should consider: (1) whether the offenses are violations of the same statute; (2) the temporal proximity between the alleged offenses; and (3) the similarity of the conduct alleged in each offense. United States v. Luby, No. 2:14cr25, 2015 WL 3452052 at *3 (E.D. Va. May 27, 2015) (citing cases).

If offenses are properly joined under Rule 8(a), a defendant must turn to Rule 14 of the Federal Rules of Criminal Procedure in order to effectuate severance. Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Prevailing under Rule 14 is "a difficult task." United States v. Blair, 661 F.3d 755, 770 (4th Cir. 2011)(citing Cardwell, 433 F.3d at 387).

The Court of Appeals for the Fourth Circuit has identified three possible sources of prejudice:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

Luby, 2015 WL 3452052, *4 (quoting United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976)).

The defendant has the burden of proving that prejudice would result, and must prove that actual prejudice would result from a joint trial. United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995). Mere proof that a separate trial would offer a better chance of acquittal is not sufficient. Id. Furthermore, if jury prejudice is a possibility, a limiting instruction is sufficient to cure such prejudice. Zafiro v. United States, 506 U.S. 534, 539 (1993).

As an initial matter, the court must determine if the offenses charged are properly joined. First, the offenses are violations of the same statutes, with minor variations in the types of substances involved. Second, the offenses are temporally proximate. The offenses occurred over a span of ten months, in the same part of the state. Such a span of time is adequately proximate; in fact, courts have held that even two years is adequately proximate. See United States v. Young, C/A No. 17-4124, 2018 WL 5308095 (4th Cir. Oct. 25, 2018). Third, the conduct in each offense charged is similar, appearing to center around the same types of drug transactions via the same means. The Indictment presents several instances of transactions, involving same or similar drugs, with the same alleged participants, with similar weapons. Therefore, Defendant himself is not the only link between the offenses charged. Defendant does not provide evidence to indicate

4

that the offenses charged are not part of the same scheme or plan. The court concludes that the offenses are properly joined.

Having determined that the charges are properly joined, the court must now determine if severance is warranted under Rule 14. Defendant has not established that actual prejudice would result if the charges were not severed. Specifically, Defendant has not shown that a jury would be confused, or unable to disregard evidence of Defendant's other arrests. Defendant's arguments are conclusory, and Defendant offers mere speculation of possible unfairness. The court concludes that a limiting instruction would serve to cure any possible bias or confusion. Furthermore, Defendant has not established that he will be confounded in presenting defenses.

The court now turns to the issue of character evidence under Rule 404(b). Defendant asserts that improper character evidence will be introduced at trial if the charges are not severed. The court disagrees, and notes that this issue can be addressed with a motion in limine at trial. Accordingly, severance is not warranted under Rule 14 in this regard.

## I. CONCLUSION

For the foregoing reasons, Defendant's motion to sever. ECF No. 80, is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

January 22, 2019